HAL CHASE, JR., ESQ. – State Bar No. 95789
**HARTSUYKER, STRATMAN & WILLIAMS-ABREGO**
Mailing Address:
P.O. Box 258829,
Oklahoma City, OK 73125-8829
Physical Address:
141 Stony Circle, Suite 145
Santa Rosa, CA 95401
Phone: (707) 544-0524
Fax: (707) 544-9381

Attorney for Defendant,
PABLO CHAVEZ

# UNITED STATEDS DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KARIN WEINSTOCK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PABLO CHAVEZ; UNITED STATES; DOES 1-45,<br><br>　　　　Defendants. | Case No.: 3:20-CV-1055-JCS<br><br>ASSIGNED TO FOR ALL PURPOSES TO:<br>**HON. JOSEPH C. SPERO**<br><br>**ANSWER OF PABLO CHAVEZ TO COMPLAINT OF KARIN WEINSTOCK** |

COMES NOW the Defendant PABLO CHAVEZ, above named, and in answer to the Complaint of Plaintiff on file herein admits, denies and alleges as follows:

## I

### RESPONSES TO THE CLAIMS IN THE COMPLAINT

A. Defendant denies each and every allegation in the Complaint except those specifically admitted in this Answer. In this regard, responding defendant specifically denies the charging

ANSWER OF PABLO CHAVEZ TO COMPLAINT OF KARIN WEINSTOCK- 1

allegations of paragraph 22 in its entirety and, in so doing, denies that this defendant committed any negligent act or omission alleged in the complaint.

B. Defendant admits all of the allegations in the following paragraphs: 2, 3, and 20.

C. Defendant does not know or have enough information to form a belief as to whether the allegations in the following paragraphs are true: 1, 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, and 18.

D. Defendant admits only the following parts of each paragraph listed below, and denies or does not know enough to say whether the rest of the paragraph is true:

Paragraph 7: This answering defendant admits that 28 U.S. Code §§ 1331, 1339, 1346(b)(1), and 39 U.S. Code § 409 (a) – (c) generally concern this Court's subject matter jurisdiction, original jurisdiction, and jurisdiction over civil controversies involving over the United States and the United States Postal Service. Other than this explicit admission, this answering defendant lacks sufficient information and belief to respond to the allegations of this paragraph. All other allegations in that paragraph are denied generally, specifically, all, and singular, in their entirety.

Paragraph 8: This answering defendant admits that 28 U.S. Code § 1367(a) is a codification of the Supreme Court's rulings on ancillary jurisdiction (*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)), pendent jurisdiction (*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)) and a superseding of the Court's treatment of pendent party jurisdiction (*Finley v. United States*, 490 U.S. 545 (1989)) concerning, generally, the supplemental jurisdiction of this Court. This answering defendant respectfully denies that this Court has proper ancillary or pendant jurisdiction over the subject matter of this case. Other than this explicit admission, this answering defendant lacks sufficient information and belief to respond to the allegations of this paragraph. Other than these explicit admissions, this answering defendant lacks sufficient information and belief to respond to the allegations of this paragraph. As such, all other allegations in that paragraph are denied generally, specifically, all, and singular, in their entirety.

Paragraph 9: This answering defendant admits that he resides in this Court's jurisdictional area. He further admits that 28 U.S. Code §§ 84(a), 1392(b), 1402(b) and 39 U.S. Code §§ 409(b)-(c) generally address issues of venue in cases of federal jurisdiction. This answering defendant respectfully denies that this Court is the proper venue for this matter and further asserts that the Court lacks, due to the facts of this case, sufficient information and belief to respond. All other allegations in that paragraph are denied. . Other than these explicit admissions, this answering defendant lacks sufficient information and belief to respond to the allegations of this paragraph. As such, all other allegations in that paragraph are denied generally, specifically, all, and singular, in their entirety.

Paragraph 21: This answering defendant admits that California Vehicle Code § 21760 is a California statute known commonly as the "Three Feet for Safety Act." This defendant denies all other allegations in that paragraph of the complaint and specifically denies any and all allegations of negligence, denies that he failed to keep a lookout for bicyclists and other traffic, denies that he failed to take action to avoid a collision with Plaintiff, denies that he failed to maintain a safe distance from Plaintiff, and denies that he otherwise failed to use reasonable care.

Further answering Plaintiff's Complaint on file herein, and the whole thereof, this answering defendant denies that Plaintiff has sustained any injury, damages or loss, if any, by reason of any act or omission of these answering Defendants or their agents or employees.

## II.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

That all times mentioned in the Complaint, Plaintiff so carelessly, recklessly and negligently conducted and maintained herself so as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by said Plaintiff and, therefore, said negligence completely bars any recovery or in the alternative, it reduces the right of recovery by that amount said negligence contributed to this incident as set forth under the doctrine of comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

That at all times mentioned in the Complaint, Plaintiff, knowing the probable consequences thereof, placed herself in a position of danger and freely and voluntarily participated in all the activities alleged herein, and thereby assumed all the risks attendant thereto.

**THIRD AFFIRMATIVE DEFENSE**

That the Complaint and each of the alleged causes of action fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

That Plaintiff failed to exercise reasonable care and diligence to mitigate any damages sustained by reason of Defendant's alleged acts. Therefore, any damages awarded to Plaintiff shall be limited to the damages Plaintiff would have sustained had Plaintiff mitigated her damages.

**FIFTH AFFIRMATIVE DEFENSE**

That Plaintiff is barred from any recovery as to this answering Defendant, in that any damage proven to have been sustained by Plaintiff, if any there be, was the direct and proximate result of the independent and superseding action of Plaintiff and/or other persons or parties, and not due to any act or omission on the part of this Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

That each of the alleged causes of action stated in the complaint is barred by the applicable statute of limitations including, but not limited to, provisions of Subdivision 3, Section 340, and/or Section 335.1 of the California Code of Civil Procedure.

**SEVENTH AFFIRMATIVE DEFENSE**

That Plaintiff's claim for damages is or may be barred by the Provision of Civil Code Sections 3333.3 and/or 3333.4.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any losses, damages, injuries, and/or harm, such losses, harm, damages and/or injuries that were proximately caused, contributed to and/or initiated by persons and/or entities other than the answering Defendant, the liability of all Defendants named or unnamed, should be

apportioned according to their relative degrees of fault, and the liability, if any, of the answering Defendants should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Under and pursuant to the terms of Civil Code §§ 1431.1 through 1431.5, Plaintiff is barred and precluded from recovery against the answering Defendant for any non-economic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendant, if any.

### TENTH AFFIRMATIVE DEFENSE

In the event that a judgment is rendered against the answering Defendant in favor of the Plaintiff, the extent of the answering Defendant's liability is limited by the terms of California Vehicle Code § 17151.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for a further, separate and distinct affirmative defense to the complaint on file herein, it is hereby alleged upon information and belief that at the time of the accident/incident described in the complaint, Plaintiff was in the course and scope of her employment. Therefore, the worker's compensation laws and the Worker's Compensation Appeals Board have exclusive jurisdiction over Plaintiff's claims and the complaint is barred as a result.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her Complaint and that this Defendant be dismissed hence with his costs.

### NOTICE

By placing the following statement in the answer, neither Defendant nor his counsel waive any privilege or objection regarding the admissibility of the following statement (or the existence of insurance coverage for Defendant, and requests that this statement be redacted as may be necessary and appropriate to protect this answering Defendant.

1  All attorneys and staff of the Hartsuyker, Stratman & Williams-Abrego are employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies, and not a partnership.

DATED: March 16, 2020

HARTSUYKER, STRATMAN & WILLIAMS-ABREGO

BY: _____
HAL CHASE, JR., ESQ.
Attorney for Defendant,
PABLO CHAVEZ